**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CRAIG BOESING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:04CV1268-DJS |
| | ) | |
| **JULIUS K. HUNTER,** | ) | |
| **VINCENT BOMMARITO,** | ) | |
| **JOANN FREEMAN MORROW,** | ) | |
| **CHRIS GOODSON, FRANCIS G. SLAY,** | ) | |
| **LT. JOE SPIESS, and JOHN DOE,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

Pursuant to the jury's verdict returned April 5, 2007, the Court entered judgment in favor of plaintiff and against defendant Spiess on Count I of plaintiff's amended complaint, an excessive force claim, in the amount of $25,000.00, consisting of $5,000.00 in compensatory damages and $20,000.00 in punitive damages. The Court also entered judgment in favor of defendants Hunter, Bommarito, Morrow, Goodson, and Slay and against plaintiff on Count II of plaintiff's amended complaint, for failure to train.[1] Now before the Court are defendant Spiess's motion for a new trial and plaintiff's motion for award of attorneys' fees, expenses and costs. Plaintiff has also submitted a request for compensation of services and reimbursement of out-of-pocket

---

[1] The Court had already dismissed plaintiff's claims against John Doe.

expenses. Upon careful consideration, the Court will deny defendant Spiess's motion for a new trial. For the reasons discussed below, the Court will grant plaintiff's motion for attorneys' fees in part and deny without prejudice plaintiff's request for compensation of services and reimbursement of out-of-pocket expenses.

The Court appointed Robert S. Rosenthal as counsel for plaintiff in the present action brought pursuant to 42 U.S.C. § 1983. An award of reasonable attorneys' fees is available to prevailing parties in civil rights litigation under 42 U.S.C. § 1988(b). Plaintiff's counsel seeks attorneys' fees in the amount of $80,326.00 and costs and expenses in the amounts of $286.60 and $2,169.46 from the Court's Attorney Fee Non-Appropriated Fund. See E.D. Mo. L.R. 12.03.

As the prevailing party, plaintiff is entitled to an award of attorneys' fees and costs. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (plaintiff who succeeds on any significant issue which achieves some of the benefit sought in bringing suit is a prevailing party); 42 U.S.C. § 1988. Although the alleged excessive force occurred before plaintiff was incarcerated, the Prison Litigation Reform Act ("PLRA") governs the award of attorneys' fees because plaintiff brought this suit while an inmate. 42 U.S.C. § 1997e(d)[2]; see also Robbins v. Chronister, 435

---

[2] This portion of the PLRA applies to "any action brought by a prisoner who is confined to any jail, prison, or other

F.3d 1238, 1244 (10th Cir. 2006). The PLRA limits the attorney-fee award against a defendant in prisoner civil-rights cases to 150 percent of the money judgment. 42 U.S.C. § 1997e(d)(2); see Royal v. Kautzky, 375 F.3d 720, 725 (8th Cir. 2004). As plaintiff was awarded $25,000.00 in money damages, the attorney-fee award cannot exceed $37,500.00.

The Court finds that plaintiff's counsel "directly and reasonably incurred [$37,500.00 in fees] in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [42 U.S.C. § 1988]." 42 U.S.C. § 1997e(d)(1)(A). The Court further finds that "the amount of the fee is proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1)(B)(I).

Plaintiff's counsel seeks attorneys' fees at the rates of $250.00 and $180.00 per hour. The PLRA limits the attorneys' hourly rates to 150 percent of the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel, which currently is $90.00 per hour in this District. 42 U.S.C. § 1997e(d)(3); Regulations Governing the Disbursement of Funds From the Non-Appropriated Fund for Attorney's Fees and Out-Of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), Order

---

correctional facility, in which attorney's fees are authorized under section 1988 of this title." 42 U.S.C. § 1997e(d)(1).

3

of the Eastern District of Missouri *En Banc*, February 24, 2004, available at http://www.moed.uscourts.gov/attorney/Attorney_RegulationsForExpenditures.pdf. Consequently, plaintiff's counsel's rate may not exceed $135.00 per hour. This reduces the $80,326.00 sought to $56,781.00, based on 420.6 hours of attorney work at $135.00 per hour.[3]

Defendants argue that if the Court does not limit plaintiff's counsel to 150 percent of the monetary damages then the amount of attorneys' fees and costs awarded should reflect plaintiff's limited success at trial. As the Court agrees that § 1997e requires the 150 percent limit on plaintiff's attorneys' fees, the Court does not address the arguments concerning plaintiff's allegedly limited success. Defendants do not dispute that $37,500.00 is a reasonable attorneys' fee.

The PLRA also requires that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). Plaintiff requests that the Court only require plaintiff to pay fees in the nominal amount of $1.00 and defendants ask that the Court require plaintiff to pay attorneys' fees in the amount of 25 percent of the monetary award, namely $6,250.00. There is a clear split among courts over whether the PLRA gives

---

[3] The Court excluded plaintiff's 0.2 hours of paralegal work billed at $95.00 per hour.

4

district courts discretion to determine what constitutes a proper portion--up to 25 percent. See Jackson v. Austin, 267 F. Supp. 2d 1059, 1071 (D. Kan. 2003) (discussing split between courts and finding district courts must require plaintiff to pay up to 25 percent of damages as attorneys' fees before forcing defendants to pay the remaining fee balance). The plain language of the statute does not state that the Court automatically must require plaintiff to pay 25 percent of the monetary award when attorneys' fees exceed that amount. Plaintiff points out that neither the statute nor its legislative history provide courts with guidance for determining this percentage. See Siggers-El v. Barlow, 433 F. Supp. 2d 811, 822 (E.D. Mich. 2006); Morrison v. Davis, 88 F. Supp. 2d 799, 811 (S.D. Ohio 2000). In Lawrence v. Bowersox, the Eighth Circuit remanded the case and ordered the district court to use a portion of the judgment, not to exceed 25 percent, to pay attorney's fees. See Lawrence v. Bowersox, 297 F.3d 727, 735 (8th Cir. 2002). On remand, the district court applied $100.00 (one percent) of the $10,002.00 judgment towards the $15,000.00 in attorney's fees. Lawrence v. Bowersox, 4:97CV1135-CEJ (E.D. Mo. Oct. 2, 2002). Following the district court in Lawrence, this Court will apply $250.00 (one percent) of the $25,000.00 judgment to the $37,500.00 in attorneys' fees in the instant action. The Court will order defendants to pay the remainder of the attorneys' fees, namely $37,250.00.

Plaintiff's counsel also asserts he should be reimbursed for his costs and expenses from the Non-Appropriated Fund. Although appointed counsel is potentially eligible to recover some costs and expenses from the Non-Appropriated Fund, counsel should first attempt to recover taxable costs from the losing party by filing a Bill of Costs, pursuant to Fed. R. Civ. P. 54(d). The Court will deny plaintiff's counsel's request for reimbursement of costs and expenses from the Non-Appropriated Fund without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Spiess's motion for a new trial [Doc. #127] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for award of attorneys' fees, expenses and costs [Doc. #125] is granted in part as follows.

**IT IS FURTHER ORDERED** that plaintiff's counsel is awarded $37,500.00 in attorneys' fees, which amount shall be deemed included in the judgment.

**IT IS FURTHER ORDERED** that $250.00 of the judgment obtained by plaintiff Craig Boesing shall be applied to satisfy the award of attorneys' fees. The remainder of the attorneys' fee award is payable to plaintiff's counsel, Robert S. Rosenthal, Brown and James, P.C., 1010 Market St., 20th Floor, St. Louis, MO 63101.

**IT IS FURTHER ORDERED** that plaintiff's request for compensation of services and reimbursement of out-of-pocket expenses [Doc. #129] is denied without prejudice.

Dated this ___18th___ day of May, 2007.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE